IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CEASE FIRE, LLC, a domestic limited liability company,

Plaintiff,

vs.

FM APPROVALS, LLC, a foreign limited liability company,

Defendant.

No. 3:18-cv-05274

**COMPLAINT**

Plaintiff Cease Fire LLC ("Cease Fire") alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Cease Fire is a limited liability company with its principal place of business in Vancouver, Washington. Cease Fire's members are citizens of Washington, Oregon, and Minnesota.

2.

FM Approvals, LLC ("FM") is a Rhode Island limited liability company with its principal place of business in Johnston, Rhode Island. Upon information and belief, FM's members are all citizens of Rhode Island.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

3.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 based on the diversity of citizenship between Cease Fire and FM. The amount in controversy exceeds $75,000, exclusive of costs and interest.

4.

Venue is proper in the United States District Court for the District of Washington pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions alleged in this complaint occurred in Washington.

**GENERAL ALLEGATIONS**

5.

Cease Fire is an Oregon company that has been manufacturing and selling fire protection products to business and industrial customers across the world for more than 30 years. Cease Fire's principal place of business is in Vancouver, Washington.

6.

FM is a Rhode Island company that certifies fire suppression equipment. Equipment certified by FM is listed in an FM Approval Guide and can be labelled with signage indicating certification.

7.

Certification of fire suppression equipment by FM or UL (one of FM's competitors in the fire suppression certification industry) is required by many businesses that purchase industrial and commercial fire suppression systems of the kind that are sold by Cease Fire.

8.

One of Cease Fire's largest-selling products is the CFF-800. The CFF-800 is a dual agent unit that is designed to deploy both clean agent gas and dry chemical fire suppression agents.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

9.

The CFF-800 was specifically designed and patented by Cease Fire to be certified by FM for fire suppression of Class A, B, and C fires. Class A fires involve ordinary combustible materials like wood, paper, and cloth. Class B fires involve flammable liquids and gases like gasoline, oil, alcohol, and propane. Class C fires involve electrical equipment like computers, motors, and transformers.

10.

In 2001 and 2002, Cease Fire paid FM considerable fees to obtain certification of the CFF-800. Cease Fire elected to forego certifying the CFF-800 with FM's competitor in the fire suppression certification industry, UL, based on FM's representations that the CFF-800 could be certified for Class A, B, and C fires.

11.

After extensive review and testing, FM approved the certification of the CFF-800 under the UL 1254 testing protocol for suppression in Class A, B, and C fires in July 2002. Since that time, Cease Fire has successfully passed FM's quarterly audits of Cease Fire's operations in Washington (at Cease Fire's expense) to retain that certification.

12.

In August of 2013, Cease Fire learned that the FM Approval Guide's listing for CFF-800 incorrectly failed to show that the CFF-800 was certified for both total flooding and local application uses. Cease Fire submitted a change request to correct the Approval Guide, and FM approved the change in September 2013.

13.

Unbeknownst to Cease Fire, at the same time that FM made the change requested by Cease Fire, FM also removed the language in the FM Approval Guide stating that the CFF-800 was approved for Class A and C fires, leaving only the Class B certification. Because Cease Fire did not request any change to any applicable fire classification, and since



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

FM did not notify Cease Fire that it intended to change the CFF-800's certification for Class A and C fire classifications, Cease Fire was unaware of this change.

14.

Had Cease Fire been aware that FM was purporting to remove the CFF-800's certification for Class A and C fires, Cease Fire would have sought certification from FM's competitor UL. Instead, Cease Fire continued to proceed in its relationship with FM based on its decade-long understanding that the CFF-800 met the requirements for certification for Class A, B, and C fires.

15.

In December 2013, FM promulgated its own standard for certification of the CFF-800 and similar dry chemical fire suppression products. Prior to that time, FM had used the dry chemical standard promulgated by UL. Despite being labelled as an FM standard, the new standard FM issued was and is substantively identical to the UL standard under which the CFF-800 had been certified for use in Class A, B, and C fires by FM for more than a decade.

16.

In order for Cease Fire to keep its certification for the CFF-800, FM required Cease Fire to conduct additional review, to which Cease Fire relented. Cease Fire completed that additional review at its own expense.

17.

Again, during this process, FM did not notify or otherwise indicate to Cease Fire that it was intentionally limiting the certification for the CFF-800 to Class B fires. Had Cease Fire been aware that FM intentionally reclassified the CFF-800 as applicable to only Class B fires, Cease Fire would not have agreed to complete this expensive and time consuming review.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

18.

Because Cease Fire was not aware of any change to its certification for Class A, B, and C fires, Cease Fire continued to label the CFF-800 product as certified for all three classifications. From December 2013 through early 2015, FM auditors inspected Cease Fire's operations in Washington and the labels indicating that the CFF-800 was certified for Class A, B, and C fires, and concluded that Cease Fire and the CFF-800 fully complied with the certification standards.

19.

In early 2015, while auditing Cease Fire's Vancouver facility, one of FM's auditors noticed that FM's website listed the CFF-800 as approved for use only in Class B fires. The auditor assured Cease Fire that the website information was incorrect and that the CFF-800 was certified for Class A, B, and C fires, as it had been for more than a decade before. The auditor instructed Cease Fire to continue to manufacture and sell the CFF-800 with signage indicating it was certified by FM for Class A, B, and C fires, and told Cease Fire to contact FM's engineering staff to have the Approval Guide corrected.

20.

In approximately April 2015, Cease Fire contacted FM to correct the incorrect listing for the CFF-800, and FM claimed for the first time that the CFF-800 did not qualify for certification in Class A or C fires without certification for other related equipment. FM did not cite any requirement in the approval standards that would require this additional equipment to be certified, instead blaming "insurance requirements" of FM's parent company, FM Global.

21.

FM's decision to alter Cease Fire's certification based on the purported insurance requirements of its parent company violated the parties' agreement that the CFF-800 would be certified based on the standards published by UL and subsequently by FM.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

22.

Cease Fire explained to FM that it had complied with the standards for Class A, B, and C fires, as confirmed by its certification for the prior 12 years and the representations of FM's auditor, but ultimately agreed to conduct the additional testing if successful completion of that testing would ensure that the CFF-800 would be certified for Class A, B, and C fires. Cease Fire explicitly told FM that it was not interested in a certification for a limited scope that did not include all of these fire classifications.

23.

In response, FM assured Cease Fire that "there would be no issue" with certifying the CFF-800 for Class A, B, and C fires if Cease Fire successfully completed another battery of tests. Cease Fire agreed to do so at considerable time and expense.

24.

After successful completion of these additional tests, FM informed Cease Fire that the CFF-800 could be certified for Class A and B fires, but not for Class C fires. When Cease Fire contested the limited listing based on FM's prior representations, a representative of FM admitted to giving Cease Fire false information.

25.

Had Cease Fire known that FM would not certify the CFF-800 for Class C fires, it would not have agreed to pay for the additional testing in April 2015 or to continue to pay annual auditing fees for a certification that was of no use to Cease Fire.

26.

FM's arbitrary decision to decertify the CFF-800 for Class A and C fires based on unidentified requirements of FM's parent company (which were not part of the certification standard) and FM's continued refusal to certify the CFF-800 for Class C fires despite its ongoing representations, caused the CFF-800 to be uncertified for Class A and C fires for a



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

period of approximately three years. That lack of certifications caused immense harm to Cease Fire's sales and reputation.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

27.

Cease Fire repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

28.

FM entered into a contract with Cease Fire obligating Cease Fire to pay FM fees and costs for designated testing and ongoing audits in exchange for FM certifying the CFF-800 pursuant to the standards promulgated first by UL and then by FM. Cease Fire did not agree to participate in a certification program subject to changes at any time based on insurance decisions made by FM's parent company, FM Global.

29.

Cease Fire paid the necessary fees and successfully completed the necessary tests and required audits to obtain certification of the CFF-800 for Class A, B, and C fires. FM acknowledged that the CFF-800 was so-certified for more than a decade.

30.

In August 2013, FM breached its contract by de-certifying the CFF-800 for Class A and C fires based on criteria not contained in the standards designated in the parties' contract.

31.

As a direct and foreseeable result of FM's breach of that contract, Cease Fire has suffered damages, including the cost of additional testing, audits, labor, parts, travel, shipping, fees, loss of business, and a loss of goodwill in an amount of $797,622, subject to revision at the conclusion of the proceedings.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

32.

Cease Fire repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

33.

In or around April 29, 2015, FM entered into a second contract with Cease Fire obligating FM to certify the CFF-800 for Class A, B, and C fires upon the successful completion of an additional battery of tests and Cease Fire's continuing compliance with FM's audit requirements.

34.

Cease Fire fully complied with its obligations by paying all required fees and successfully completing the specified testing and quarterly audits.

35.

FM breached the contract by refusing to certify the CFF-800 for Class C fires.

36.

As a direct and foreseeable result of FM's breach of that contract, Cease Fire has suffered damages, including the cost of additional testing, audits, labor, parts, travel, shipping, fees, loss of business, and a loss of goodwill in an amount of $347,675, subject to revision at the conclusion of the proceedings.

**THIRD CLAIM FOR RELIEF**

**(Fraud)**

37.

Cease Fire repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

38.

On April 29, 2015, Cease Fire's CEO emailed Brandon Bond, Cease Fire's designated contact at FM, stating that Cease Fire did not intend to maintain certification of the CFF-800 unless the product could be re-certified for Class A, B, and C fires.

39.

Mr. Bond replied to Cease Fire's CEO stating that there "would be no issue" with certifying the CFF-800 for Class A, B, and C fires if Cease Fire completed additional tests identified in Mr. Bond's email. FM's representation to Cease Fire was intended to (and did) induce Cease Fire to continue to pay fees to FM for certification, testing, and regular audits.

40.

As FM later admitted, its representation that it would certify the CFF-800 for all three classes of fires was false. FM knew that this statement was false, because FM knew the requirements that it would use to certification decisions. Cease Fire did not know that FM's representation was false.

41.

Cease Fire was entitled to rely on the statement by FM regarding its criteria for certification and did reasonably rely on that representation. Based on that reliance, Cease Fire expended significant resources in time and money to complete the additional testing and regular audits.

42.

As a direct and foreseeable result of FM's misrepresentation, Cease Fire has suffered damages, including the cost of additional testing, audits, labor, parts, travel, shipping, fees, loss of business, and a loss of goodwill in an amount of $347,675, subject to revision at the conclusion of the proceedings.



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

**FOURTH CLAIM FOR RELIEF**

**(Negligent Misrepresentation)**

43.

Cease Fire repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

44.

On April 29, 2015, Cease Fire's CEO emailed Brandon Bond, Cease Fire's designated contact at FM, stating that Cease Fire did not intend to maintain certification of the CFF-800 unless the product was certified for Class A, B, and C fires.

45.

Mr. Bond replied to Cease Fire's CEO stating that there "would be no issue" with certifying the CFF-800 for Class A, B, and C fires if Cease Fire completed additional tests identified in Mr. Bond's email. FM's representation was made to Cease Fire to induce Cease Fire to pay FM to conduct additional testing and for ongoing audits.

46.

FM's representation regarding the criteria needed for certification of the CFF-800 for Class C fires was false, and FM was (at a minimum) negligent in obtaining or communicating that false information.

47.

Cease Fire reasonably relied on FM's representation. Based on that reliance, Cease Fire expended significant resources in time and money to complete the additional testing and regular audits.

48.

As a direct and foreseeable result of FM's misrepresentation, Cease Fire has suffered damages, including the cost of additional testing, audits, labor, parts, travel, shipping, fees,



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

loss of business, and a loss of goodwill in an amount of $347,675, subject to revision at the conclusion of the proceedings.

**FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

49.

Cease Fire repeats and re-alleges every allegation contained in the previous paragraphs as though fully set forth herein.

50.

In or around April 29, 2015, Cease Fire informed FM that it would not continue to certify the CFF-800 if FM would not re-certify it for Class A, B, and C fires. FM agreed that it would certify the CFF-800 for Class A, B, and C fires if Cease Fire paid for and successfully completed a battery of tests and continued to comply with FM's quarterly audit requirements.

51.

In reliance on that representation, Cease Fire paid FM substantial fees and expended resources successfully completing the specified testing and quarterly audits.

52.

FM has refused to certify the CFF-800 for Class C fires despite its prior representation.

53.

To the extent the parties' agreement is not sufficient to form a contract, it would be unjust to allow FM to profit from its misrepresentation by allowing it to keep the $85,874 in fees Cease Fire paid FM for the certification, testing, and ongoing audits.

**PRAYER FOR RELIEF**

WHEREFORE, Cease Fire request that the Court:



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085

A. Award Cease Fire damages in amount of $797,622 plus prejudgment interest, subject to revision at the conclusion of the proceedings.

B. Award Cease Fire such other relief deemed just and proper under the circumstances, including costs incurred herein.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

DATED this 6th day of April, 2018.

MARKOWITZ HERBOLD PC

By: *s/ Jeffrey M. Edelson*
Jeffrey M. Edelson, WSBA #37361
(503) 295-3085
Of Attorneys for Plaintiff

CEAS\704351V3



MARKOWITZ HERBOLD PC
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085